Shawn Charles Goff #186716
Name and Prisoner/Booking Number

ASPC-Lewis, Rast-Max Unit
Place of Confinement

P.O. Box 3600
Mailing Address

Buckeye, Arizona 85326
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

☒ FILED  ☐ LODGED

**Jul 31 2020**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Shawn Charles Goff,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Anthony Coleman,
(Full Name of Defendant)

(2) Warden Thompson,

(3) Warden Kimble,

(4) David Shinn,

Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. CV-20-01557-PHX-DLR-JFM
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

Bench Trial Sought On All Issues

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: ASPC-Lewis, Rast-Max Unit, Buckeye, AZ

1-A

Defendants Continued:

(5) Correctional Officer IV Morris (C.O. IV)

## B. DEFENDANTS

1. Name of first Defendant: _Anthony Coleman_. The first Defendant is employed as: _Deputy Warden_ at _ASPC-Lewis, Rast-Max Unit_.
(Position and Title) (Institution)

2. Name of second Defendant: _Thompson_. The second Defendant is employed as: _Former Warden_ at _ASPC-Lewis_.
(Position and Title) (Institution)

3. Name of third Defendant: _Kimble_. The third Defendant is employed as: _Current Warden_ at _ASPC-Lewis_.
(Position and Title) (Institution)

4. Name of fourth Defendant: _David Shinn_. The fourth Defendant is employed as: _Director_ at _Arizona Dept. of Corrections R & R_.
(Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☑ Yes   ☐ No

2. If yes, how many lawsuits have you filed? _5_. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _Shawn Charles Goff_ v. _Thompson, et al_
      2. Court and case number: _CV-20-00853-PHX-DLR (JFM)_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Still Pending_

   b. Second prior lawsuit:
      1. Parties: _Shawn Charles Goff_ v. _Rode, et al_
      2. Court and case number: _CV-20-01284-PHX-DLR (JFM)_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Still Pending_

   c. Third prior lawsuit:
      1. Parties: _Shawn Charles Goff_ v. _David Shinn, et al_
      2. Court and case number: _CV-20-01286-PHX-DLR (JFM)_
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _Still Pending_

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

2-A

B. Defendants Continued:

(5) Name of Fifth Defendant: Morris. The Fifth Defendant is employed as: Correctional Officer IV, Grievance Coordinator at ASPC-Lewis, Rast Unit.

(6) ~~[scribbled out]~~

C. Previous Lawsuits Continued:

1. Parties: Shawn Charles Goff v. Kimble, et al.
2. Court & case number: CV-20-01392-PHX-DLR-(JFM).
3. Result: Still Pending.

---

1. Parties: Shawn Charles Goff v. Centurion, et al.
2. Court & case number: CV-20-01287-PHX-DLR(JFM).
3. Result: Still Pending

---

1. Parties: Shawn Charles Goff v. Trinity Food Service, et al.
2. Court & case number: CV-20-01288-PHX-DLR(JFM).
3. Result: Still Pending.

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>14th Amendment: Equal Protection, Due Process, No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States.</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☑ Other: <u>Violation of CV-13-01149-TUC-CKJ, IHP Stipulation Agreement.</u>

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1.) On 2-5-2016 this Court accepted an Amended Stipulation for Case No. CV-13-01149-TUC-CKJ & it governs the 10 ADC Complexes: Douglas, Eyman, Florence, Lewis, Perryville, Phoenix, Safford, Tucson, Winslow, & Yuma. Its policies lay out the gradual implementation of the "Integrated Housing Program"("IHP"). Its purpose is to foster racial equality among inmates, with intention that doing so will enhance rehabilitation & security interests. To encourage the acceptance of the IHP among inmates certain incentives were meant to be given as outlined in Document 119, page 6, paragraph 17(b), lines 5-16 of above reference Stipulation. Incentives are to include, but not limited to MP3 players; or electronic games; access to a Kiosk to download music, games, etc.; additional visitation, barbecues, movie nights, recreational sporting events, etc.; assignment to premium jobs; additional rehabilitation/educational courses such as computer science, bricklaying, small engine repair, woodworking/carpentry, plumbing/pipefitting. All max custody inmates were scheduled to receive/implement IHP between 6-1-2019 through 6-1-2020. Plaintiff's a covered member of stipulation & resides at Rast-Max Unit, ASPC-Lewis. All Wi-Fi outlets & Kiosks were finished & installed by March, 2020. And ADC had outlined & implemented it "Earned Incentive Program"(EIP) in Dept. Order(D.O.) 809 giving a Phase 1-3 system of rewards based on good behavior, & added the "EIP Tablet Permissions" policy in response to the Stipulation
   (continued on 3-A)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Defendants have denied me equal protection under IHP's Stipulation Order & deprived me access to educational/rehabilitation courses, my ability to do legal research at will, in depth, & in a timely fashion, ability to register with the Court(s) so that I may E-file without depending upon
   (continued on 3-G)

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3-A

## Count 1. Supporting Facts Continued:

IHP agreement & Order with this Courts presiding Judge, Cindy K. Jorgenson. Tablets were then issued to Close Custody Units in May, 2020 & none to Max Custody Units. Even though Close Custody Units were not slated to implement IHP until 6-1-2020 through 6-1-2021. After max custody. Plaintiff then asked ADC staff (who will remain nameless for now as ADC is known to retaliate against whistle blower employees. Plaintiff will call them as later witnesses, however) why max custody had not received tablets, educational/rehabilitation courses, food visits, additional recreation, barbecues, sporting events, premium jobs, restoration of release credits, or anything at all outlined in stipulation. Response to this was, & remains so to this date, that, then Warden Thompson, now Warden Kimble, along with Deputy Warden Anthony Coleman decided they didn't want to issue the JP5 Tablets to max custody (Rast-Max Unit) because they did not have the time to allocate ADC personnel to pull out each inmate to plug his tablet into Kiosk for the required 15 minutes needed to code, activate, & digitally assign tablet to each individual inmate. Clearly violating IHP Stipulation Order of this Court. And instead opting to await the JP6S Tablet model that needs no access to Kiosk to activate, but is solely Wi-Fi capable, & will not arrive until December, 25, 2020 at earliest. Likely longer according to unnamed staff. ADC Director David Shinn had a complete year to get all into order, including planning for Max Custody Unit Rast-Max, & is allowing ASPC-Lewis Warden(s) & Deputy Warden at Rast Unit to not comply with Stipulation ... because it's inconvenient? It's absurd. And clearly demonstrates the systemic disregard ADC has towards its own policies/rules, state & federal laws, & this Courts jurisdiction. In addition to this over-all problem with ADC's flouting of the Stipulation Order, Plaintiff's uncovered numerous additional problems which were brought into stark relief, & can either be solved with the tablet, or put into use (better) because tablet simplifies the issue(s). Especially considering that tablets' abilities to E-Mail, & directly review this & future issues digitally, greatly enhances & streamlines this Courts ability to do its job. 2.) Upon trying to get an understanding of why Defendants were not issuing tablets to Rast-Max Unit Plaintiff realized he could not access this Court through E-Filing

3-B

Count 1. Supporting Facts Continued:

because Plaintiff must get unit librarian Hartzell to E-File documents for him. Legal Resource Library Librarian(s) have been unavailable from 6-22-2020 through 6-25-2020. Again from 7-12-2020 through today due to one needing surgery & the other on vacation. Thus posing an atypical & significant hardship & violating Plaintiff's rights of due process, equal protection of the law, & abridging the privileges & immunities of a United States citizen by allowing ADC to enforce its own laws/policies, violating this Court's Stipulation Order & what the framers of the Constitution intended. 3.) ADC has implemented its own policies regarding equal & fair access to legal research. It out right prohibits caselaw study, criminal & civil, we cannot shepardize, keep abreast of new criminal & civil rulings, access Westlaw or Lexus Nexus, nor check out any of the legal books we do have access to. These legal volumes are: Arizona Revised Statutes, Federal Rules of Civil Proceedure, Arizona Rules of Criminal & Civil Proceedure, United States Code Annotated (8 volumes), Law And Policy of Sentencing And Corrections In A Nutshell, Rights of Prisoners, U.S. & Arizona Constitutions, & nothing else. There are only one of each volume, library is once a week only, less if librarian's on vacation, sick leave, or has a family emergency, only 12 inmates can go to library each time on Close Custody, Medium, & Minimum, & all have 800 to 1200 inmates on each unit. Rast-Max only allows 2 inmates to go to library at-a-time, all library visits are 1 hour & 30 min., & you must rotate so everyone gets a turn, which means only one or two visits a month. ADC staff claim they don't have the time or personnel to give more visits to library, or time once there. Thus I cannot in any fair or equitable way self/Pro Se litigate as an indigent inmate otherwise without this access or knowledge. When I'm allowed to work I only make 15 cents to 35 cents an hour depending upon my being a Phase 1, 2, or 3, & I only get 60 hrs. every 2 weeks. I then must pay $2 a month for electricity & T.V. cable programming, 5 percent is taken to pay for sex offender & drug classes, of which I don't participate as I'm neither a sex offender or drug user, & one percent is taken to help build/repair the ADC prisons. I also have to pay 20 percent in criminal restitution for my criminal convictions. So, even if I saved my state pay, & didn't buy hygiene, writing supplies, clothing or bedding (which

Count 1. Supporting Facts Continued:

I can't afford), it would take me 60 yrs. to save $30,000, which might get me an attorney to take me all the way to the U.S. Supreme Court, should I live into my 80's without all of the aforementioned necessities. Preventing full & fair legal access to research, not paying a work wage that would allow me to pay my own attorney in a reasonable & timely fashion, & charging me for electricity & cable T.V. (while only giving me access to 24 channels out of 136), sex offender & drug classes I'm not eligible for, to pay for & repair my own prisons, & pay restitution for criminal convictions creates an atypical & significant hardship not intended by the Constitution or its framers & violates my 14th Amendment rights of due process, equal protection against exploitation for the purposes of ADC profits & punishments above & beyond what my sentence intended. It serves no penological security interest. This is done under the express orders & policies of ADC Director David Shinn. Carried out in the performance of his official duties as Director & in his underlings' fear of reprisal, or loyalties to his office. 4.) ADC has instituted a state wide prohibition against books, music, T.V. shows, movies, games, magazine/newspaper publications, religious texts, statues/iconography, arts, sciences, etc., that have or include talk, depictions, or lyrics of violence &/or sexuality even though I am over 18 yrs. of age. I am an approved & recognized Wiccan religious practitioner. My faith's a fertility, nature, & war based faith. I have many Deities & Rituals that require sexual intercourse, female & male masturbation, its iconography &/or depictions to commune with deities, nature spirits, the celebrations of planting, harvest, marriage, birth, death, rebirth, life achievements/goals, male & female forms, & actual Deities' statues/iconography which depict or show open vulvas/vaginas, eg., Shiela-Na-Gig, & erect penises, e.g., Mamaran-Mac-Lir. All are clearly evidenced & verifiable in my religious texts by Steve Blamires: Magic Of The Celtic Otherworld, Raven Grimassi: The Witches' Craft, Silver Raven Wolf: Solitary Witch, D.J. Conway: By Oak, Ash, & Thorn, etc. ADC prohibiting me from all things/subjects relating to talk, depictions of, writings, or associations of, with, or around sexuality, violence, or vulgarities actively deprives me, as a Pagan/Wiccan, from communing with the God/desses, natural spirits, environment,

3-1)

## Count 1. Supporting Facts Continued:

celebrating planting, harvest, marriage, birth, death, rebirth, life achievements/goals, male & female forms in general, actual Deities' depictions or statuary of bare breasts, open vulvas, erect penises, & images/movies, magazines/publications, books, religious rituals & texts depicting sexual intercourse & masturbation for the express purposes of using sexual energy in fertility of the land, between hunter & hunted, to anoint the dead & magically connect them with the womb for rebirth, raising sexual energy's used at Winter & Summer Solstices & Spring & Vernal Equinoxes to ensure fertility of fields, crops, herds, & promote conception of offspring, both human & animal. Sexual imagery, intercourse, & masturbation is also used during the ancient mythos of the courtship of the God & Goddess whenever one has need to commune, get in balance, harmonize, & work positive, life giving/sustaining magics. Often referred to as the Divine Marriage or the Divine Incarnation rite. One connects with the Divinity within him or her self, portraying themselves as Gods or Goddesses interacting with their opposite gender selves/forms. Creating an altered state of consciousness bringing about an awareness of Duality Principal through this sexually altered state. Requiring no drugs to achieve, just the individual or couple. This includes a religious mandate to procreate & carry on the teachings to care for the land, earth, animal husbandry, & have their own offspring. Otherwise all decays & will eventually die, & stay dead, without hope of rebirth. ADC's taken all of this from me with their prohibition & complete ban on all things related to life; sexuality, animal & crop husbandry, & ... violence. Because life feeds on life, balance needs maintaining. Conjugal visits are even gone by ADC's mandate. ADC's argument to support this flawed logic is that pornography promotes sexual harassment; & lyrics, images, or movies depicting violence, causes violence. These prohibitions against pornographic material began in 2010 through today, & having no explicit/violent lyrics has been enforced, against state & federal First Amendment rights, without reduction in said classes. In fact, sexual misconduct of any kind's sharply risen amongst/against inmates & staff. As well as violence up to & including murder. Especially

3-E

## Count I. Supporting Facts continued:

in Protective Segregation (PS) where Plaintiff is located, over last 10 yrs. Review of ADC's records at Discovery phase will prove this. There've been close to a dozen murders of PS inmates, by PS inmates that I know of, some with staff assistance. More than quadruple that in reported prison rapes of inmates on staff, staff on inmate, with the majority being inmate on inmate. Angel Craft (now ~~ang~~ Goff, no relation) was forced to perform ~~an~~ oral sex on a male officer, & Benetti v. Ryan, CV-19-05417-PHX-DGC(JFM), just to name two. Prohibition's not had desired result, exactly opposite as a matter-of-fact, & therefore serves no penological security interest, as previously argued by ADC. This creates an atypical & significant hardship & serves no other purpose than punishment, in addition to incarceration itself. Having images, depictions, photographs, lyrics, & iconography & movies of sexual intercourse, masturbation, & male & female nudity, generally, to focus on is a requirement, as well as conjugal visits, to meet my ritual & faith requirements to commune with my Gods & Goddesses, nature spirits, & celebrate planting, harvest, marriage, birth, death, rebirth, life achievements/ goals, promote fertility & fecundity of the land, crops, herds, self, & allow for procreation, balance, harmony, & altered states of consciousness to transcend the material plane. Depictions of violent expression, actions, vulgarities, & prowess create balance on the material plane enacting out roles of Lucifer & Lucifera, the Horned God Cernunnos, Oghma, Mananan-Mac-Lir, Lugh, the Morrigan, Maeve, Scathac, Aoife & Boru. These prohibitions are perpetrated, enacted, & enforced under & through policies of ADC Director David Shinn. They violate my 14th Amendment rights; stating no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law. All have been perpetrated upon me by Director David Shinn & his predecessors & enforced by illegal policies of same Defendant(s). Warden Thompson, on his own, determined to not implement IHP stipulation order & is sued in his individual

3-F

Count 1. Supporting Facts continued:

capacity for this. He is also sued in his official capacity as he did it in applying his duties & enforcing his edicts upon his employees, not informing them that violating IHP Stipulation Order is a crime & punishable. David Shinn is also sued in his official capacity for deliberately depriving Plaintiff of his Rights to keep & maintain, have & use, explicit lyrics in music, movies, T.V. shows, books, games, etc., sexual studies, iconography, publications/magazines, pictures, depictions in ~~religious~~ art, science, historical & religious texts, music, T.V. shows, movies, & ritual, to include images of sexual intercourse, masturbation, & oral sex. All part of acts intended to honor the Divine in nature, & the Gods & Goddesses, as well as in celebrations of the many Sabbat Holidays, & life necessitating rituals. David Shinn is also sued in his individual capacity for same reasons listed above, to include Warden Thompson's. 5) Warden Kimble is sued in his individual capacity for continuing to knowingly not implement IHP stipulation order. He is sued in his official capacity by doing this in enforcing his edicts upon the employees he's responsible for, & to, by not informing them he's making them complicit in IHP stipulation Order violation. 6) Deputy Warden Anthony Coleman is sued in his individual capacity for being aware that IHP stipulation order deadline was 6-1-2020, ordering tablets be passed out to Close Custody Rast Unit & deliberately withholding same JP5 Tablets from Rast-Max Unit, of which he's also Deputy Warden, simply because it is/was an inconvenience & would take a concerted effort. He is also sued in his official capacity by his knowledge that he's violating IHP stipulation order & enforcing it upon his unknowing employees, thereby making them complicit. 7) Tablets are an exellent device & tool to access & store all sexually explicit, violent, verbally offensive materials to the predominant Judeo-Christian mindset which pervades ADC personnel & is part of the reason these materials were banned in the first place. Staff were offended by these images, lyrics, & didn't enjoy finding them during searches. Tablets avoid these discoveries. I despise homosexuality, violates Natural Law. However, the Constitution guarantees their freedoms & grants equal protection to them, same as me. ADC can't have it both ways either; it's a freedom, a liberty interest, & protected. Puritanical beliefs do not trump this. Nor is it meant to, or should it.

3-G

Count 1. Injury Continued:

the vagaries & unreliability of ADC middlemen/personnel. Thereby missing deadlines & being forced to break internal rules/policies by holding cell door trap or refusing to lock down so attention can be called to address ADC staff's laxness in obeying their own rules & thereby extending my stay in max custody for 2 more yrs. The ongoing denial of, & illegal deprivations of personal property containing the explicit depictions, pictures, art, scientific, historical & religious texts, ritual statuary/iconography, magazines/publications of sexual intercourse, masturbation, & oral sex, male & female general nudity, violence, & verbally explicit language in music, books, T.V. shows & movies. All deprived me of protected due process, equal protection, & ADC's illegal making & enforcement of its own policies & rules in direct contravention of Constitutional protections. To include exploitation of inmates for profit not intended by the Constitution or its framers. Having been a part of this exploitation in State custody for more than 19 yrs., & knowing when Joe Arpaio, Maricopa County Sheriff, was sued to return the dollar a day he charged inmates in his jails.... this is exactly the same situation. Charging me for sex offender & drug classes, electricity & cable T.V. without allowing me full access to all 136 channels & only giving 24 channels, charging for the building/repair of ADC prisons I've not damaged or destroyed, & refusing to pay a fair wage so I may not only purchase basic necessities, but save money in order to pay an attorney to take my case(s) in a reasonable span of time. Effects of which are permanent without this Court's intervention(s). At all levels of Count 1. It should be noted that ASPC-Lewis, Rast-Max Unit is the only max custody unit that's not handed out tablets, implemented the above listed incentives, nor the educational/rehabilition resources. Again, because Wardens Kimble, Thompson, & Anthony Coleman don't want to because they find it inconvenient, & believe it to be a privilege, so we can wait. Also, tablets are being provided free to each & every inmate in ADC. You must only reimburse tablet company if you damage, destroy, or lose tablet or earbuds. Because of this I/we are still having to purchase envelopes, pens, pencils, paper, stamps, books, tapes, radios, cassette players, not get/have access to a full & fair legal library, do legal research at will (as tablets will allow), register for E-Filing

3-H

## Count 1. Injury Continued:

directly to the Courts (needing no middlemen), be able to have clear & legible type written documents (making it easier & more streamlined) to be presented to the Courts, e-mail, send digital & video photo attachments at 25 cents, 50 cents, & one dollar respectively. Far cheaper than it is now. Radio, news, podcasts, dictionary, & brain games will come gratis as part of tablet system/package. E-books are $1 a piece, games $4.99, Music is $1 a song, Movies are $4.99 apiece, free AM/FM radio, free news feeds, free podcasts, free T.V. Audio, & free translation services. All constitute an immediate & ongoing, cumulative injuries. Video visitation's available through tablets as well. Helping those whose friends or family are either too far away, can't travel, or because of the Covid-19 Pandemic. Deputy Warden Anthony Coleman, with knowledge & intent, has chosen to deliberately deprive me & all at Rast-Max Unit of these benefits in clear violation of this Courts Stipulation Order. Because this Court may choose to say that, because Plaintiff failed to include the names of the ADC personnel who told Plaintiff exactly why Stipulation Order is being ignored, as previously referenced, case will be dismissed, Plaintiff will list names against better judgement: C.O. III Skereck, C.O. III Kozora, & C.O. III Levels have all corroborated that they were present at staff meetings with either Warden Thompson, Warden Kimble, or Deputy Warden Anthony Coleman, & sometimes combinations thereof, & were told that Rast-Max was going to have to wait to get tablets until the JP6S Model becomes available due to the need to have to pull out one inmate at-a-time to activate JP5 Model tablet at Kiosk within each pod. It takes 15 minutes per tablet. There're 6 pods in 3A, 3B, & 4C. A Kiosk's in every pod, & there're 24 cells in each pod, 16 cells in 4C Pods 5 & 6. When Wardens were asked by the C.O. III's why that was too difficult to do, Warden(s) reportedly stated that they didn't want to allocate staff to do this, &, besides, it's max custody, they can wait. These meetings have all taken place between the months April - July, 2020. [The Wiccan religious book that deals with masturbative/ sex magic is The Withes' Craft by Raven Grimassi; pgs. 147-151, 178 & m. k. l. m. a.

# COUNT II

1. State the constitutional or other federal civil right that was violated: 1st Amendment: Right To Petition Government To Redress of Grievances, Freedom of speech & of the Press, Free Exercise of Religion.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities   ☐ Mail   ☐ Access to the court   ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property   ☐ Exercise of religion   ☒ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1) On 6-1-2020 Plaintiff turned in Informal Complaint to C.O.III Kozora who stated that Informal was scanned into computer, but provided no written response. Plaintiff filed Grievance to Grievance Coordinator, C.O.III Clouson, on 6-30-2020. Grievance Coordinator's supposed to be assigned to the C.O.IV, which's C.O.IV Morris. Plaintiff received no response to Grievance. Violating D.O. 802.3.4, 3.5, 3.6, 3.6.1, 3.6.1.1, 3.6.1.2, 3.6.1.3, 3.6.1.4, 3.6.2, 3.6.3, because no number was assigned to Grievance, it wasn't assigned to the C.O.IV, which's Morris, Department Order states an investigator's supposed to be assigned, this did not happen, within 15 work days Deputy Warden Anthony Coleman ~~should~~ shall issue a written response to inmate (Plaintiff) per D.O. 802.3.6, 3.6.1 states: The written response shall include: A summarization of the inmate's (Plaintiff's) complaint; 3.6.1.1, 3.6.1.2: A description of what action was taken to investigate the complaint, 3.6.1.3: A summary of the findings, 3.6.1.4: The decision & supporting rationale in reaching the decision, 3.6.2: The decision from the unit level shall either be "Resolved" or "Not Resolved" 3.6.4: The Deputy Warden (Anthony Coleman) shall sign the written response to the inmate (Plaintiff). Any attachments shall remain with the original grievance form. [Plaintiff did not receive any response to Grievance.] D.O. 802, 4.0: Appeals To The Director, 4.1: Inmates may elect to Appeal the decision of the Deputy Warden (Anthony Coleman) to the Director (David Shinn), 4.2: The Unit C.O.IV Grievance Coordinator (C.O.IV Morris) shall log, process & forward all documents to the Central Office Appeals Officer within five workdays of receiving the inmate
   (continued on 4A)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Because the IHP Stipulation Order is protected under this Court's order it qualifies as injury. The Grievance D.O. 802 contains language which qualifies (shall & will) as a State created liberty interest & Defendants' willful disregard of not only this Court's, but its own
   (continued on 4-C)

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☒ Yes   ☐ No
   b. Did you submit a request for administrative relief on Count II?   ☒ Yes   ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☒ Yes   ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

4-A

Count II. Supporting Facts Continued:

Grievance Appeal from the inmate. ███ 4.4: Within 30 calendar days of receiving the Inmate Grievance Appeal, the Central Office Appeals Officer shall prepare a response & submit it to the Director for signature. 4.6: The decision of the Director (David Shinn) is final & constitutes exhaustion of all remedies within the Department. [Plaintiff never received a response to Grievance Appeal (filed 7-26-2020).] District, Appellate, & Supreme Courts have stated that any correctional policies that include language of "shall" or "will" within its internal Policies/Rules becomes a state created liberty interest. And not responding to Plaintiff's Informal Complaint, Grievance (signed by C.O.II Niyorugabo, badge #11679), & the Grievance Appeal (signed by C.O.II Virgen, badge #11340) becomes a violation of state created liberty interest, qualifying as a 1st Amendment: Right To Petition Government For A Redress of Grievances claim. The State of Arizona's now responsible for its prisons policy violations. C.O.IV Morris, by choosing not to assign a case number, respond to the Grievance, or assign an Investigator qualifies as a 1st Amendment: Right To Redress of Grievance violation. C.O.IV Morris choosing not to log, process & forward documents to the Central Office Appeals Officer qualifies as a 1st Amendment: Right To Redress of Grievance violation. For these reasons C.O.IV Morris is sued in both individual & official capacities. I have to assume that the Deputy Warden, Anthony Coleman, chose not to respond to Plaintiff's Grievance regarding Wardens' outright refusal to implement "Integrated Housing Program" (IHP) Stipulation Order qualifies as a 1st Amendment: Right To Redress of Grievance, a State created liberty interest. Because Deputy Warden Anthony Coleman chose not to sign & return a written response to Grievance, along with all ███ other attachments Plaintiff's suing in both individual capacities & official. Plaintiff did address lack of a full, fair legal research library, ability to review criminal & civil court rulings & caselaw, regular, independent access of legal materials on tablets, & ability to E-File & directly access/email the courts. As well as complete inability to shepardize. Plaintiff also addressed the prohibition ADC independently instituted against pornographic, sexually explicit statuary/iconography, T.V. shows, movies, magazines, bubblin kids images

4-B

## Count II. Supporting Facts Continued:

to include violent & verbally explicit materials. Grievance Coordinators, Wardens, & Deputy Wardens cannot determine ADC policy. Only the Arizona State Legislator & the Director of ADC. Because of this denial of my Constitutional Rights to the 1st Amendments guarantees of: Freedom Of Religious Expression & Practice; as well as Freedom of Speech, The Press/Publications to include video, photographic, digital or other imagery about or regarding Plaintiff's religious, Wiccan, observances, ritual practices, & iconography that expresses, requires, mandates, or includes sex magic, violent, & verbally explicit materials, publications, images, recordings of sexual intercourse, oral sex, masturbation, female & male general nudity, & violence used in Plaintiffs ritual & religious practices &/or observances violates Plaintiffs Constitutional 1st Amendment rights & serves no penological security interest justifying taking Plaintiff's guaranteed inalienable rights. According to Constitution. ADC's arguments for taking sexually explicit or verbally or physically violent material was that it caused sexual harassment, & violence. A review of ADC's instances of sexual misconduct or violence, including both rapes & murders, will show & outright prove a sharp increase in all of these things in the 10 yrs. since prohibition's been instituted. Even if these statistics had remained the same, they haven't, it would not justify continued prohibition for any other reason than punishment. This's The Department of Corrections Rehabilitation & Reentry, not Punishment. Ten yrs. is more than enough time to prove prohibition's intent as a deterrent is an abject failure as sexual misconduct's gone up, as well as violence & murders. Especially in Protective segregation, where Plaintiff is housed. This is not the intent of the Framers of the Constitution & is therefore why I'm suing the ADC Director, David Shinn, for instituting, maintaining, & enforcing such clear & wanton disregard for the application of protected Constitutional rights. In both individual & official capacities. As Director's allowing his employees to be party to said violations, knowingly. Defendants acted under color of law.

4-C

Count II. Injury Continued:
Department Orders, Director's Instructions, & Policies. No criminal, civil, or Constitutional law exists to allow ADC to prohibit access to verbal, sexually explicit, or violent materials. This Court has allowed Defendants carte blanche in its applications & interpretations of its authority. Thus permanent injury's been sustained against Plaintiff's protected, sincerely held, 1st Amendment: Religious Freedoms of Practice & expression found in a religious text titled The Witches' Craft by Raven Grimassi, section titled Sex Magic, pgs. 147-151, 239 & 241. Raven Grimassi is an initiate of Wicca & a practicing Witch of the Brittic, Pictish-Gaelic, & Italian Witchcraft paths. Plaintiff's also a practitioner of these paths in addition to the Irish-Gaelic & saxony Witchcraft Wiccan paths. I am, & qualify, as, a protected religious class & hold a sincere religious belief that is a part of Plaintiff's ADC religious record for past 16 yrs. And without this Courts assistance Plaintiff will remain an injured party indefinitely.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff seeks injunctive relief, declaratory judgement, compensatory damages of $250,000 per Defendant; Punitive damages of $400,000 per Defendant to help encourage Defendants to practice diligence & better conduct in practice of its own policies, rules, & regulations as well as this Courts. Requests Defendants to allow inmates to purchase 6 ft. HDMI/USB cable allowing 7" tablet to be plugged into 13" T.V. to enlarge all picture, movie, reading, application aspects of tablet because Plaintiff's eyesight's very poor, even with glasses. Immediate implementation of previously denied materials/items listed within complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  7/31/2020
          DATE                                         SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6